UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10323-GAO

OSCAR REYES,
Petitioner,

v.

PETER PEPE,
Respondent.

OPINION AND ORDER
February 24, 2011

O'TOOLE, D.J.

On February 23, 2010, Oscar Reyes, acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, presenting three grounds upon which he bases his claim for relief. On April 16, 2010, the respondent, Peter Pepe, filed a motion to dismiss the petition, arguing the petitioner failed to exhaust his available state remedies with respect to the second and third claims advanced in the petition. See 28 U.S.C. § 2254(b), (c). On July 12, 2010, counsel was appointed for the petitioner. On January 24, 2011, after requesting a formal scheduling order and two extensions of time to respond to the motion to dismiss, the petitioner, through counsel, moved to stay the proceedings so as to exhaust his remedies in state court. He has not opposed the motion to dismiss.

To be eligible for habeas relief, a petitioner must exhaust his state court remedies with respect to each claim raised in his petition. See 28 U.S.C. § 2254(b)(1); Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). It is the petitioner's burden to demonstrate that all claims asserted in his petition are exhausted. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The petitioner, however, does not argue that he exhausted either of the two claims at issue.

Instead, the petitioner argues that the petition be stayed pursuant to the "stay and abeyance procedure" set forth in Rhines v. Weber, 544 U.S. 269 (2005), so that he may return to state court to exhaust his claims. Under this procedure, a district court may stay a "mixed" petition containing both exhausted and unexhausted claims, and hold it in abeyance while the petitioner returns to state court to pursue the unexhausted claims. Id. at 275. After the claims have been exhausted, the petitioner can proceed in federal court. Id. However, a stay is only available in "limited circumstances." Id. at 277. Specifically, in order to obtain a stay of a mixed petition, a petitioner must show he "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Here, the petitioner has not demonstrated good cause for his failure to exhaust his claims in state court. The petitioner argues that his appellate counsel was ineffective for either omitting or not fairly presenting his claims in his ALOFAR. But, whether the decision was strategic or accidental, appellate counsel's failure does not amount to good cause under Rhines. See Gaouette v. O'Brien, No. 07-12202-MLW, 2010 WL 5376849, at *1 (D. Mass. Dec. 20, 2010) (citing Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007); Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007)); see also Ortiz v. Brady, 538 F. Supp. 2d 361, 365-67 (D. Mass. 2008).

The petitioner also argues that good cause exists because, as a *pro se* litigant at the time, he relied on the faulty advice of other inmates who told him he needed to file his petition immediately when, in actuality, he had several more months to do so. This argument is equally unavailing. First, his *pro se* status at the time of filing does not alone relieve him of habeas exhaustion requirements. See Rose v. Lundy, 455 U.S. 509, 520 (1982) (stating that there is "no basis to believe" that the exhaustion requirement "will serve to 'trap the unwary *pro se*

prisoner'" and "[j]ust as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement"); cf. F.D.I.C. v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) (noting that a litigant's *pro se* status does not absolve him from compliance with the Federal Rules of Civil Procedure or a district court's procedural rules); Donovan v. Maine, No. 00-268P-H, 2000 WL 1827237, at *4 (D. Me. Dec. 12, 2000) (noting that *pro se* petitioners are not entitled to any latitude in dealing with certain procedural requirements like the § 2244 statute of limitations). Second, to the extent that *pro se* litigants should be granted some flexibility in good cause determinations, see Rhines, 544 U.S. at 279 (Stevens, J., concurring); id. (Souter, J., concurring), counsel was appointed for the petitioner over three months before the statute of limitations period for the filing of a habeas petition had lapsed, see Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (determining that a petitioner's state court conviction became final when the ninety-day period for seeking certiorari expired) (citing Clay v. United States, 537 U.S. 522, 527 (2003)). Counsel apparently made no effort during that period to exhaust the petitioner's claims.

Consequently, the petitioner's request for a stay is DENIED. The petitioner then presents a "mixed" petition under the rule of Rose v. Lundy, 455 U.S. at 518-20. Accordingly, the entire petition will be dismissed unless the petitioner voluntarily dismisses the unexhausted claims within thirty (30) days of this Opinion and Order.[1] If he does so, the respondent's motion to dismiss the petition will be denied and the petition shall be entertained as to the exhausted claim.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The thirty-day time period is set at the suggestion of the petitioner. In light of the age of the motion to dismiss, he should not expect any additional requests for continuances to be granted.