UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10323-GAO

OSCAR REYES,
Petitioner,

v.

PETER PEPE,
Respondent.

ORDER
March 30, 2011

O'TOOLE, D.J.

On February 23, 2010, the petitioner, Oscar Reyes, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 16, 2010, the respondent, Peter Pepe, filed a motion to dismiss for failure to exhaust his available state remedies with respect to Claims II and III advanced in the petition. On July 12, 2010, the Court appointed counsel for the petitioner. Through counsel, the petitioner moved for a scheduling order, which the Court granted, requiring him to file his opposition the motion to dismiss by October 25, 2010. On October 22, 2010, the petitioner requested an extension of time, which was granted, setting a new deadline of December 9, 2010. On December 3, 2010, the petitioner requested another extension of time, which was again granted, setting a new deadline of January 24, 2011.

Despite the extensions of time, the petitioner did not file an opposition to the motion to dismiss by January 24th. Instead, the petitioner filed a motion on that date to stay the proceedings so as to exhaust his unexhausted claims. In an Opinion and Order dated February 24, 2011, the Court disagreed that a stay was appropriate in this case and

gave the petitioner the opportunity to proceed only on his exhausted claim by requiring him to dismiss the unexhausted claims within thirty days.

The petitioner has now filed an untimely opposition to the petitioner's motion to dismiss which has been pending for close to one year.[1] He apparently declines to dismiss the claims already deemed unexhausted. While he stipulates that Count III was unexhausted, he now argues—for the first time—that Count II is exhausted. Any argument that the petitioner wished to make as to exhaustion issues was due on the twice-extended deadline of January 24, 2011.

The petitioner, therefore, continues to present a "mixed" petition under the rule of Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Accordingly, as the Court warned in its previous Opinion and Order, the respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (dkt. no. 9) is GRANTED and the entire petition is DISMISSED without prejudice.

Finally, because no "jurist of reason" would find that the Court erred in dismissing this opinion, see Slack v. McDaniel, 529 U.S. 473, 478 (2000), no certificate of appealability will issue.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The Court also notes that the memorandum in support of the motion exceeds the maximum page length set forth in the Local Rules.