UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10323-GAO

OSCAR REYES,
Petitioner,

v.

PETER PEPE,
Respondent.

OPINION AND ORDER
September 26, 2014

O'TOOLE, D.J.

The petitioner, Oscar Reyes, has filed a petition for a writ of habeas corpus challenging his Massachusetts conviction for second degree murder. The petitioner was convicted by a Hamden County Superior Court jury and sentenced to life in prison. Following his conviction, the petitioner filed motions for a new trial and for an evidentiary hearing, both of which were denied by the trial judge. The Massachusetts Appeals Court ("Appeals Court") affirmed Reyes's conviction and the trial judge's denial of post-judgment relief. Thereafter, the Supreme Judicial Court denied the petitioner's application for further appellate review. The petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Following an order by this Court that Grounds Two and Three in his petition were unexhausted, the petitioner abandoned those claims and chose to go forward on the sole remaining ground.

Reyes was indicted for his participation in the shooting death of Jose Costoso in Springfield, Massachusetts on February 17, 2005. The Appeals Court summarized the trial evidence as follows:

> [T]he impetus for the shooting was that the defendant had fronted drugs to Costoso and the latter did not pay the defendant back.
>
> Costoso and his friend, Rosa Cruz, were stopped in a parking lot as Costoso attempted to fix the tail light on his car. A green sport utility vehicle (SUV) pulled up, and two men got out and started to beat Costoso. Thereafter, three more men—the defendant, Jose Marrero, and Jesus Gonzalez—ran from across the street to join in the beating. After the beating, the two men from the green SUV got back in the vehicle and left the scene. The defendant ran back across the street from where he had come, while Gonzalez and Marrero stayed behind. Marrero then shot and killed the victim. There was testimony, further detailed herein, that the defendant had enlisted Marrero to shoot Costoso.
>
> After his arrest for the murder, the defendant shared a jail cell with Kevin Echevarria. Echevarria testified at trial that the defendant expressed regret over the shooting and admitted that he "should never have called Lunatico [a nickname for Marrero] to come and blast the kid."

Commonwealth v. Reyes, 2009 WL 1577808, at *1 (Mass. App. Ct. June 8, 2009).

The Appeals Court framed the issue that is now presented by the habeas petition this way:

> With respect to this issue involving the trial judge's exclusion of a defense witness during trial, the defendant has cast his appellate challenge around three different points. First, the defendant contends that, when the defense called Jose Lopez to testify during trial, the judge improperly excluded Lopez after the prosecutor objected on hearsay grounds. Second, in the appeal from denial of the new trial motion, the defendant repeats the claim that Lopez was wrongfully excluded as a trial witness and seeks to demonstrate that Lopez's testimony should have been admitted at trial. Third, in connection with denial of the motion for reconsideration, the defendant again argues that it was error for the judge not to hold an evidentiary hearing concerning, among other things, what Lopez would have said. In considering this issue involving the excluded witness, we consider the record at trial and the information submitted in connection with the motion for new trial and for reconsideration. We state the background.
>
> At trial, the defendant attempted to call Jose Lopez to testify in order to impeach Echevarria's testimony concerning what the defendant had said to Echevarria about asking Marrero, also known as Lunatico, to "blast" the victim. The defendant claims, in contrast to these incriminating jailhouse statements to Echevarria, that the defendant had made exculpatory statements to Lopez denying any involvement in the shooting. The trial judge excluded Lopez as a witness on the basis that the proposed testimony of Lopez concerning what the defendant had said to Lopez was hearsay and a self-serving assertion by the defendant.

> The judge's ruling during trial was correct. Furthermore, nothing in the defendant's new trial motion submissions alters that conclusion. "[I]f a defendant is charged with a crime and unequivocally denies it, that denial is not admissible in evidence." *Commonwealth v. Nawn,* 474 N.E.2d 545 (1985). The defendant attempts to make an end run around the rules of evidence by claiming that, because the defendant's statements to Lopez were offered to discredit the incriminating statements to another witness, Echevarria, a different evidentiary analysis applies. This argument is without merit. There is no exception to the hearsay problems presented by the defendant's self-serving, out-of-court statement while awaiting trial, even if the proffered statement is at odds with other incriminating statements by the defendant properly admitted in evidence as that of a party opponent.

Id. at *1-2 (footnote omitted).

Although the Appeals Court's summary of Reyes's "three different points" about the exclusion of the Lopez testimony could be understood as raising only state law claims, it is clear from the record in this case that Reyes presented the issue to the Appeals Court as a violation of his "right to present a defense" and argued that his trial counsel had been "ineffective in failing to argue that the trial judge's refusal to permit him to call the witness violated his Sixth Amendment and Article Twelve rights." (App. at 16-44 (dkt. no. 12).) In his Application for Further Appellate Review ("ALOFAR") he made essentially the same argument. Similarly, Ground One of his present petition frames his argument this way:

> The case must be remand[ed] for an evidentiary hearing on his motion for a new trial because the [petitioner] made a substantial showing that the trial judge's exclusion of the testimony of a defense witness whose evidence would have cast doubt on the testimony of the key witness for the prosecution violated petitioner's right to present a defense.
>
> Although the issue is preserved on non-constitutional grounds, counsel was ineffective in failing to argue that the trial judg[e]'s refusal to permit him to call the witness violated the petitioner's Sixth Amendment and Article Twelve rights.

(Petition at 2-3 (dkt. no. 1).)

An argument that the trial judge made an error in an evidentiary ruling excluding the proffered testimony ordinarily raises only a question of state law. State law errors are "not within the reach of federal habeas petitions unless there is a federal constitutional claim raised." Kater v. Maloney, 459 F.3d 56, 61 (1st Cir. 2006) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Nevertheless, "[a]n erroneous evidentiary ruling that results in a fundamentally unfair trial may constitute a due process violation and thus provide a basis for habeas relief." Lyons v. Brady, 666 F.3d 51, 55 (1st Cir. 2012). "But to trigger such relief, the state court's application of state law must be 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Reyes's state appellate arguments and his present petition can be fairly understood to be making a federal constitutional claim, although there is some ambiguity as to exactly what the claim is. It is unclear whether he purposes to present a Sixth Amendment claim that the exclusion of the Lopez testimony directly deprived him of a fair trial or a Sixth Amendment claim that his trial counsel rendered ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), by failing to argue that direct claim to the trial court. It does not matter which, because they both come down to the same question. There could only be ineffective assistance under Strickland if counsel had forfeited a valid Sixth Amendment argument regarding the exclusion of the evidence. So the question is, was such a valid argument available?

The answer is "no." An accused does not have an "unfettered right" under the Sixth Amendment "to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v Illinois, 484 U.S. 400, 410 (1988).

> As a result, state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules

do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'

United States v. Scheffer, 523 U.S. 303, 308 (1998) (quoting Rock v. Arkansas, 483 U.S. 44, 56 (1987)).

The Appeals Court ruled that the exclusion of the Lopez testimony was proper under Massachusetts law. The correctness of that determination of state law is not reviewable by a federal habeas court. Sanna v. Dipaolo, 265 F.3d 1, 11 (1st Cir. 2001). The principle is long-standing and has been applied to state evidentiary law specifically. See Puleio v. Vose, 830 F.2d 1197, 1204 (1st Cir. 1987). Reyes's argument thus amounts to a claim that it was a violation of his Sixth Amendment right to a fair trial for the court to have applied correctly a long-standing rule against the admission of out-of-court exculpatory statements by a defendant. Reyes cites no specific authority in support of that rather sweeping proposition, because there is none. He has not even articulated, let alone established, how the application of the exclusionary rule was either in general or in his particular case so arbitrary or capricious that it effectively rendered his conviction fundamentally unfair.

To the extent Reyes claims a violation of the Sixth Amendment by reason of the denial of his post-trial request for an evidentiary hearing, a matter under Massachusetts procedural rules in the discretion of the trial court, he has failed to allege a claim remediable on a federal habeas petition. See Estelle, 502 U.S. at 67-68; Neverson v. Bissonnette, 242 F. Supp. 2d 78, 94-95 (D. Mass. 2003).

The petition for a writ of habeas corpus is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge